HANNAH G. WING, *in Eq.*, *versus* DAVID M. AYER *& al.*

Where land conveyed to the husband of the complainant during their cover-
ture was mortgaged back to secure a part of the purchase money; and
the husband thereafterwards mortgaged a portion of said land to one of the
respondents, who, after purchasing, by assignment, the former mortgage
and the debt thereby secured, together with the right which the complain-
ant's said husband had of redeeming said land at the time of his decease,
conveyed a portion of it by deed of warranty to the other respondent; and
the complainant, not having relinquished her right of dower, brought a bill
in equity praying for her dower to be set out in the equity; on demurrer,
it was *held*, —

1. That the former mortgage should be upheld;

2. That the complainant had a right of dower subject to the former mort-
gage;

3. That she is not dowable against the first mortgagee or his assigns;

4. That, to the extent of her interest, she stands in the relation of mort-
gager thereto;

5. That she may redeem the whole mortgage, and hold the whole as secu-
rity for what she pays more than her proportion;

6. That she may redeem her interest with the consent of the assignee of
said mortgage;

7. That, if she would redeem, she must bring her bill as provided by the
statute; and

8. That this bill cannot be sustained, because it neither alleges a tender,
nor a demand for an account, under R. S., c. 90, § 13; nor under c. 103,
§ 14, because it does not allege that said mortgage has been discharged.

BILL IN EQUITY.

The case was heard on demurrer.

The bill substantially alleges that the complainant, on
Dec. 11, 1855, was lawfully married to James Fogg, with
whom she lived until June 5, 1858, when said Fogg died;
that during her coverture with said Fogg, two several par-
cels of land adjoining each other, situated in Lewiston,
were conveyed to him, to wit, — one parcel (described) by
one Nesmith, by his deed of warranty, dated June 23,
1857, duly acknowledged and recorded; the other parcel
(described) by said Nesmith and one Wheelock, by their
deed of warranty, of same date, duly acknowledged and
recorded; that, on the same day, the said Fogg, by his deed

of that date, duly acknowledged and recorded, mortgaged both of said parcels of land to said Nesmith, to secure $925 of the purchase money ; that the complainant did not sign said mortgage or otherwise relinquish her right of dower in said premises ; that said Fogg entered upon said premises and remained in possession thereof till his death ; that he built a dwellinghouse and made other great improvements thereon, at his own expense, and with money mostly furnished by the complainant ; that the amount of money furnished by her was $1000 ; and that thereby the value of said premises was greatly enhanced, by means of all which she became dowable in said parcels of land and improvements.

The bill further alleges, that, on April 22, 1858, said Fogg mortgaged the parcels of land first mentioned to David M. Ayer, one of the respondents, to secure the sum of $200 and interest ; that the complainant did not sign the latter mortgage nor otherwise relinquish her right of dower in the premises therein mentioned ; that, on November 4, 1862, said Nesmith assigned the former mortgage to said Ayer ; that, on June 7, 1859, Abiel Jones, administrator of the estate of said Fogg, sold and conveyed by virtue of a license from the Judge of Probate, to said Ayer, all the right, title and interest in and to the whole of said premises which said Fogg had at the time of his decease ; that neither of said mortgages have been foreclosed ; that, on Nov. 6, 1862, said Ayer, by his deed of warranty, duly acknowledged and re-corded, conveyed to Jonathan P. Norton, the other respondent, a portion of said premises, (described,) which portion the said Norton has ever since held under his said deed ; and that the residue of said mortgaged premises has, from the date of said administrator's deed to the present time, been held by said Ayer under the mortgages and deeds to him before mentioned.

The bill further alleges, that, on Feb. 8, 1864, the complainant made demands, verbally and in writing, for her dower in said premises, so held by said respondents, to wit,

of said Ayer her dower and just third part of all said lands, except so much thereof as the said Ayer had, by his deed aforesaid, conveyed to said Norton, — of the said Norton, her dower, &c., of so much of said lands as was conveyed by said Ayer to said Norton, but that the said Ayer and Norton both refused and neglected and still refuse and neglect to set out the same, although the complainant is now, and ever has been, since the death of said Fogg, ready to contribute, if necessary, the whole or her just proportion of the debt secured by the first mentioned mortgage, to redeem the same, and to be let in for her just dower in said lands.

The bill prays that the respondents may answer, and that the Court will determine and decree upon what terms, if any, the complainant shall be let in for her said dower, and offering to pay such sum towards the redemption of the first mortgage as the Court shall deem just; that her dower may be set out by said respondents; and that damages may be awarded to her for detention, &c.

The respondents demurred specially, assigning, among other causes, the following : — that the bill contained no allegation of any demand for an account of the sum due on the Nesmith mortgage, or of the rents and profits of said estate, or of the repairs, &c., thereon; that it contained no allegation of any unreasonable neglect or refusal to render such account in writing, or any default of either of the defendants which prevented the complainant from performing or tendering performance of the condition of said mortgage.

*S. & J. W. May*, for the complainant.

*H. C. Goodenow*, for the respondents.

DANFORTH, J.—The land in which the plaintiff claims dower was conveyed to her husband, during her coverture, by one Thomas Nesmith, and at the same time mortgaged back as security for the payment of a portion of the purchase money. Whatever the law may have formerly been, it is now clearly settled that the widow is dowable of an

equity.   It is equally well settled that, in such a case as the
one at bar, she is not entitled to dower as against the mort-
gagee, or those claiming under him.   *Snow* v. *Stevens*, 15
Mass., 278;  *Smith* v. *Austin*, 7 Maine, 41;  *Young* v.
*Turbell*, 37 Maine, 509.

The plaintiff did not join with her husband in the mort-
gage which he subsequently gave to Ayer.   It may be con-
ceded, then, that the plaintiff is entitled to dower in the
land, as against all persons except the holder of the Nesmith
mortgage.   No question is raised as to the discharge of this
mortgage.   It is alleged in the bill that the " said Nesmith
executed an assignment of the first named mortgage to said
Ayer, which was duly acknowledged and recorded, whereby
the said Ayer became the owner and holder" thereof.   Also
that said Ayer, to the " present time, holds under said mort-
gages."   Besides, the plaintiff only claims dower in the
equity.   Were it otherwise, the facts appearing in the bill
require that it should be upheld.   It takes nothing from the
widow, as she never had even an inchoate right of dower,
as against that mortgage.   The consideration of the assign-
ment was not paid with funds belonging to the estate, or by
any one so connected with the husband or his estate, by con-
tract or otherwise, as to make it his duty to pay the mort-
gage.   Besides, it was clearly the intention of the parties
that it should not be discharged.   As the widow loses noth-
ing by the assignment, there is no equitable reason why she
should be benefited by it.   *Brown* v. *Lapham*, 3 Cush., 554.

The widow, having a right of dower subject to this mort-
gage, stands in the relation of a mortgager thereto, to the
extent of her interest.   Her estate is a continuation of that
of her husband's, and, so far as relates to this mortgage, to
the extent of her interest, she has the same rights and is
subject to the same liabilities, as would pertain to him if
living.   One of those rights is that of redemption.   *Carll*
v. *Butman*, 7 Maine, 102;  *Gibson* v. *Crehore*, 5 Pick., 148.

True, she is not the only mortgager.   The defendant
Ayer is an owner of that interest with her, and hence, he

being both mortgager and mortgagee, she asks to be permitted to redeem her interest alone. But the Court has no power to decree this without the consent of Ayer. In the position which he occupies he has his legal and equitable rights. As mortgager, the Court has no power to compel him to redeem at the solicitation of his co-tenant. This is a matter within his own discretion, and he has an undoubted right to act upon his own judgment of what his interests may require. As mortgagee, he has a right to insist upon the payment of his whole debt, and is under no obligation, legal or equitable, to permit a portion of the estate to be' redeemed without the whole. These principles can work no injustice to the plaintiff. She has her election to redeem or not. If she chooses to do so, and is compelled to redeem the whole, she would undoubtedly hold the whole as security for what she pays more than her portion. The same rule would apply in this case, as when several persons are, in the ordinary way, owners of the equity. *Gibson* v. *Crehore*, 5 Pick., 151.

The result is that the parties stand in relation to each other as mortgager and mortgagee. If the plaintiff wishes to redeem, she must bring her bill as provided by the statutes for the redemption of mortgages. If the defendants consent that she may redeem her interest, then she may do so; if not, she must redeem the whole. In either event, before she can compel the defendants to answer, she must comply with all the requisites of the statutes. This she has not done, having neither made a tender of the amount due, nor a demand for an account under the 13th section, c. 90, R. S.

This bill cannot be sustained under § 14, c. 103, R. S., because, among other reasons, the mortgage has not been discharged.        *Demurrer sustained.*

*Bill dismissed.*

*Costs for defendants.*

APPLETON, C. J., DAVIS, KENT, WALTON and BARROWS, JJ., concurred.